Matthias, J.
 

 The respondent challenges the validity of the order of the board of trustees of the firemen’s pension fund for the payment of a pension to the relator. Such claim of invalidity is based upon the contention that Section 2 of the resolution amending Rule 17 previously adopted by the board of trustees is unauthorized in that it attempts to fix the compensation of the chief of the fire department, which is within The exclusive power of the council, and the action of the board in that respect was an arbitrary abuse of power designed solely for the benefit of the relator while he was in office.
 

 We are met at the threshold of the consideration of this question by the contention of the relator that the respondent has no right to complain of or question the validity of the orders of the board of trustees or the validity of the amended rule adopted by the board of trustees; that respondent is only a ministerial officer without discretion in the matter and has no such beneficial interest in this proceeding as to warrant or permit him to challenge the validity of such order or action or the power or authority of the board of trustees with reference thereto.
 

 The position of the respondent is created and the duty in the respect in question is prescribed by Section 4610, G-eneral Code. It makes the treasurer of the municipality the custodian of the firemen’s pension fund, and requires that he “shall pay it out upon the proper order of the trustees thereof.” He is required to execute a bond in such sum and form as is satisfac
 
 *591
 
 tory to the trustees conditioned upon the faithful performance of his duties with respect to the fund.
 

 It is fundamental that the action which relator seeks to compel hy a writ of mandamus must be such as the law specially enjoins as a duty resulting from respondent’s office as custodian of the fund in question. The duty, the performance of which is to be enforced, must be mandatory, and the right to the remedy of mandamus must be clear.
 

 The respondent is charged with the responsibility for such fund and is authorized to pay it out only upon a
 
 proper, i. e.,
 
 a valid, order of the trustees. The respondent in such proceeding may, therefore, challenge the validity of the order. The decision in the case of
 
 State, ex rel. Glass,
 
 v.
 
 Chapman,
 
 67 Ohio St., 1, 65 N. E., 154, relied upon by the relator to support his contention that the respondent may not assert such defense, involving as that ease does a defense by a clerk of courts questioning the jurisdiction of a judge of such court in regard to an order for a change of venue and the transmission of papers as required by statute, obviously can have no application to this case.
 

 Looking, then, to the merits of the controversy, we find that the specific contention of the respondent is that the “apparent purpose of the latter part of Section 2 is to increase the salary of an officer of the fire department whenever his salary as fixed by council is less than the amount paid a first class fireman.”
 

 It is not our province to ascertain or examine the motives of the board of trustees in framing and adopting such rule, or of the city council in reducing the salary of the chief of its fire department from $160 to $25 per month. It is our function to ascertain the authority of the board of trustees and determine the validity of its action brought into question by the demurrer to the petition. Municipal firemen’s pension funds are created and administered pursuant to Section 4600
 
 et!seq.,
 
 General Code, which provide for the
 
 *592
 
 selection and organization of the hoard of trustees, specify the powers and duties of such hoard and confer upon it authority to “adopt all rules and regulations providing for distribution of the fund including the qualifications of those to whom any portion of it shall be paid and the amount thereof.” (Section 4612-4, G-eneral Code.)
 

 Pursuant to these provisions, the rules in question here were adopted. The authority thus conferred is for the distribution of the fund created and maintained for pensions and the payment thereof to those coming within the qualifications prescribed. Pensions for those retired from, and not compensation for those continuing in, public service is within the contemplation of these statutory provisions. Such is the limitation necessarily implied from the very use of the word “pension.” The language employed by the board of trustees in its amendment of Rule 17, though subject to criticism for lack of clarity, should not be construed to provide an award of pension to a member of the fire department who is continuing in service and receiving compensation therefor. On the contrary, the word “pension” is used and retirement from service is contemplated by the provisions of the rule when read in its entirety. When all its provisions are considered, it evidences a clear purpose to authorize and permit retirement by the members of the fire department who are in the class therein designated. The amount of pension to be awarded thereunder varies according to the period of service.
 

 Here there was in fact a retirement and an award of pension computed in accordance with the rule duly adopted by the board of trustees. The order in question was therefore valid, and it became the duty of the treasurer, as custodian of such fund, to honor and pay it. The demurrer is overruled.
 

 The parties having agreed that the ruling upon the demurrer would be dispositive of the case, the writ
 
 *593
 
 of mandamus is allowed in accordance with the prayer of the petition.
 

 Writ allowed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.